57

---

## DUDLEY ADAMS *versus* BILLY EMERSON.

The owner of the soil over which a turnpike road is laid out, may maintain trespass against the servant of the corporation for taking the herbage.

TRESPASS *quare clausum fregit.* At the trial it was proved, that the plaintiff owned the *locus in quo,* and that the Newburyport turnpike road was laid out over it. Before the road was constructed, the soil of the *locus in quo* consisted of marsh land, and the travelled part of the road was made by cutting up the sods of the contiguous marsh land on either side, the travelled part being raised and separated from the marsh on each side, by a railing, so that no traveller can pass upon the *locus in quo.* The parts of the marsh land out of which the sods were so taken, afterwards produced crops of thatch ; and the defendant, as the servant of the turnpike corporation, cut and carried away the thatch. If it belonged to the corporation, the plaintiff was to be nonsuited ; if to the plaintiff, the defendant was to be defaulted.

*Marston,* for the plaintiff, cited *Perley* v. *Chandler,* 6 Mass. R. 454 ; *Commonwealth* v. *Peters,* 2 Mass. R. 125 ; *Fairfield* v. *Williams,* 4 Mass. R. 427 ; *Tippetts* v. *Walker,* ibid. 595 ; *Alden* v. *Murdock,* 13 Mass. R. 257 ; *Stackpole*

*Nov 10th.*

---

Adams
v.
Emerson.

v. *Healy*, 16 Mass. R. 33 ; *Tucker* v. *Bass*, 5 Mass. R.
164 ; *Robbins* v. *Borman*, 1 Pick. 122 ; *Goodtitle* v. *Alker*,
1 Burr. 133 ; *St.* 1804, *c.* 125, § 15.

*Cushing*, for the defendant. In the cases cited the question was between the owner of the soil and the public ; the nature of the easement possessed by a turnpike corporation was not considered. It is not an easement of passage, out it is a right to cut up and carry away the surface of the soil for the purpose of making the road and keeping it in repair ; and whether repairs are made with the sods themselves, or the proceeds of the sods, can make no difference. The owner of the soil received a compensation for the whole surface, in the damages allowed him when the road was laid out. The doctrine of servitudes in the civil law confirms this view of the case. *Jackson* v. *Hathaway*, 15 Johns. R. 447, and authorities there cited ; *Peck* v. *Smith*, 1 Connect. R. 103 ; *Rex* v. *Llandilo Roads*, 2 T. R. 234 ; *Ball* v. *Herbert*, 3 T. R. 253 ; *Harrison* v. *Parker*, 6 East, 154 ; *Clap* v. *Draper*, 4 Mass. R. 266 ; Domat's Civil Law, *bk.* 1, *tit.* 12.

If the corporation is not the sole owner of the property taken, it has at least a right in common with the plaintiff, and so trespass will not lie. *Welden* v. *Bridgewater*, Cro. Eliz. 421 ; *Wilson* v. *Macreth*, 3 Burr. 1824.

*April term 1828.*

WILDE J. delivered the opinion of the Court. We consider this a very clear case. The *locus in quo*, although part of a turnpike road, is the soil and freehold of the plaintiff. He has the exclusive right of property in the land ; subject however to the easement or rights incident to a public highway ; such as the right of passage over it, and the right which the turnpike corporation has to construct a convenient pathway, and to keep it always in good repair. To accomplish these purposes the corporation may dig up and remove from place to place, within the limits laid out for the road, any earth, sand and gravel, and may dig or cut up sods and turf ;[1]

---

[1] So it may cause a dwellinghouse to be erected for the toll-gatherer, and trees to be cut down, and a cellar and a well to be dug, for the accommodation of the house, within these limits. *Tucker* v. *Tower*, 9 Pick. 109.

but it by no means follows that the corporation has the right of herbage, which is the exclusive property of the owner of the soil, as well as all trees, mines, &c.

Adams<br>v.<br>Emerson

The corporation has no right of property in the land, but only a servitude or easement ; and this does not clash with the plaintiff's exclusive right of property in the land ; [2] so that there is no pretence for saying that the plaintiff and the corporation are tenants in common.

It was once doubted whether ejectment or other real action would lie for the soil of a road or highway, because, it was said, full seisin could not be delivered ; and a dictum of Lord *Hardwicke* was quoted to that effect, in the case of *Goodtitle* v. *Alker et al.* 1 Burr. 133 ; but that doubt was removed by the decision in that case ; and very clearly it had no foundation in principle. And it was never doubted that the owner of the soil over which a highway was laid, could maintain trespass for an injury done to the soil.

These principles are well settled by all the authorities, and it is very clear that the plaintiff is entitled to recover. [1] The defendant, therefore, according to the agreement of the parties, must be called.

*Defendant defaulted.*

---

[2] See 3 Kent's Comm. (3d ed.) 432, 433 ; *Tucker* v. *Tower*, 9 Pick. 111 , *Tyler* v *Hammond*, 11 Pick. 214 ; *United States* v. *Harris*, 1 Sumner, 37.

[1] See 3 Kent's Comm. (3d ed.) 432, 433, note *a*, and cases there cited ; *Robbins* v. *Borman*, 1 Pick. (2d ed.) 123, note 1, and cases there referred to ; *Chambers* v *Furry*, 1 Yeates, 169 ; *Hart* v. *Chalker*, 5 Connect. R. 311 ; 1 Chitty on Pl. (6th Am. ed.) 200.

